IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JOE LAWRENCE LUTZ, PRO SE, § <br> also known as § <br> JOE LUTZ, § <br> TDCJ-CID No.1369764, § <br> Previous TDCJ-CID No. 389813, § <br> Previous TDCJ-CID No. 989482, § <br> § <br> Plaintiff, § <br> § <br> V. § <br> § <br> CORINTH DAVIS, GERALD GARRETT, § <br> CHARLES SHIPMAN, JAMES POLAND, § <br> RISSIE OWENS, NEILYN NAVARRO, § <br> PAROLE BOARD MEMBER #1, § <br> PAROLE BOARD MEMBER #2, § <br> and PAROLE BOARD MEMBER #3, § <br> § <br> Defendants. § | 2:09-CV-159 |

**REPORT AND RECOMMENDATION**

Plaintiff JOE LAWRENCE LUTZ, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit on the form promulgated for prisoner use for claims under Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been given permission to proceed in accordance with Title 28, United States Code, section 1915(b).

Plaintiff alleges that, in 2007, he was denied "release" for reasons not supported by the record and, in 2008, he was denied "mandatory supervision release", again for reasons not supported by the record.

Plaintiff alleges the result of the 2007 hearing was a denial of "release." Although he alleges the result of the 2008 hearing was a denial of mandatory supervised release, the Notice of Parole

Board Decision he attached to his Complaint, dated May 28, 2009, shows he was reviewed for release on parole. There is no mention of eligibility for mandatory supervised release or any review on that basis. Further the November 5, 2007 letter from State Senator Whitmire references only parole considerations and contains no mention of consideration for mandatory supervised release.

Upon review of plaintiff's claims and the exhibits attached to his complaint, the Court issued a Briefing Order noting that the exhibits attached to his complaint showed denial of parole, not mandatory supervised release. The Court ordered plaintiff to respond and inform the Court whether he was challenging a denial of release on parole or a denial of release to mandatory supervision. Further, plaintiff was instructed to inform the Court whether a favorable resolution of his claims in this cause would show he is entitled to immediate or sooner release and, if not, why not. Plaintiff filed his response on July 29, 2009. Notably absent from such response was any indication whether plaintiff was claiming denial of parole or mandatory supervised release and any briefing of whether a favorable resolution would entitle plaintiff to immediate or sooner release.

Plaintiff requests compensatory damages of $69,000.00 per year for the two years of confinement resulting from the 2007 and 2008 denials and punitive damages of $500,000.00 "for hardships placed on plaintiff (stress, anxiety, etc.)."

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

**THE LAW AND ANALYSIS**

"State Parole Board Members are absolutely immune from liability for damages in a § 1983 action. *Hilliard v. Board of Pardons and Paroles*, 759 f.2d 1190, 1193-94 (5th Cir. 1985)(citing *Johnson v. Wells*, 566 F.2d 1016, 1018 (5th Cir. 1978); *see, also, Cruz v. Skelton*, 502 F.2d 1101 (5th Cir. 1974). In addition, an award of punitive damages $500,000.00 "for hardships placed on plaintiff (stress, anxiety, etc.)" is barred by the Prison Litigation Reform Act requirement of a physical injury before a prisoner can recover for psychological damages. 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Therefore, plaintiff's claims should be dismissed for failure to state a claim on which relief can be granted.

In addition, plaintiff's claims amount, at best, to a challenge to the denial of parole and is, therefore, frivolous. The denial of parole, as distinguished from the revocation of parole, does not

---

[2]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

amount to a loss of liberty in the due process context. *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); *Jackson v. Reese*, 608 F.2d 159 (5th Cir. 1979)(citing, in part, *Brown v. Lundgren*, 528 F.2d 1050 (5th Cir. 1976), *cert. denied*, 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 283)). Because Texas prisoners have no protected liberty interest in parole, they cannot mount a challenge against any state parole review procedure on procedural or substantive Due Process grounds. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Consequently, plaintiff's Due Process claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Lastly, and in the alternative, plaintiff's July 29, 2009 pleading is not responsive to the terms of the Court's Briefing Order. To the extent plaintiff seeks the requested records to supplement his complaint by adding a challenge to the result of his 2009 hearing to the existing challenges to the results of his 2007 and 2008 hearings, that fact does not excuse him from compliance with the Court's Briefing Order relating to his complaint as it currently exists. Plaintiff was warned in the Briefing Order that a "[f]ailure to fully and timely comply with [the] order [would] be construed as a failure to prosecute and could result in the dismissal of the instant cause . . . ." The response period of this Report and Recommendation constitutes plaintiff's second opportunity to comply with the order.

## CONCLUSION

For the reasons set forth above, and pursuant to Title 28 U.S.C. sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, and pursuant to Title

42, United States Code, section 12132 by plaintiff JOE LAWRENCE LUTZ be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED. Should the defects which provide the basis of the foregoing recommendation be cured, it is the ALTERNATIVE RECOMMENDATION of the Magistrate Judge to the United States District Judge that the instant cause be DISMISSED FOR FAILURE TO COMPLY WITH THE COURT'S BRIEFING ORDER.

### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 5th day of August 2009.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States

District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).